# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-MC-157-FDW-DCK

| | |
|---|---|
| **UNITED STATES GYPSUM COMPANY,** ) | |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| **KMAC OF THE CAROLINAS, INC.,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Petitioner's "...Motion To Compel Enforcement Of USG's Third-Party Subpoena To KMAC of the Carolinas, Inc." (Document No. 1) filed November 19, 2024, and Petitioner's "...Rule 45(F) Motion To Transfer Its Motion To Compel Enforcement Of Its Document Subpoena To KMAC of the Carolinas, Inc." (Document No. 2) filed December 17, 2024.

These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion to transfer.

United States Gypsum Company ("Petitioner" or "USG") initiated this action on November 19, 2024, to compel the production of documents by KMAC of the Carolinas, Inc. ("Respondent" or "KMAC") pursuant to a Subpoena (Document No. 2-2) issued on July 22, 2024, demanding production on August 22, 2024. The Subpoena seeks documents from Respondent that are allegedly relevant to the ongoing litigation United States Gypsum Company v. Dependable, LLC, 1:22-CV-00268, pending in the United States District Court for the Northern District of Illinois (the "Underlying Action"). Respondent is not a party in the Underlying Action.

Petitioner contends it had a least two (2) conversations with a representative of Respondent in or about August 2024, and that Respondent indicated it would produce documents in compliance with the Subpoena. (Document No. 2, p. 2). However, Petitioner now asserts that Respondent failed to produce any response to the Subpoena or raise any objection(s). (Document No. 2, pp. 2-3). The undersigned notes that Respondent has also failed to file any response to the pending motions in this case or to otherwise make any appearance in this matter.

By the pending motion to transfer, Petitioner argues that: (1) resolution of the motion to compel "implicates complex substantive issues in the Underlying Action" that should be decided by the judge in the Underlying Action; (2) transfer avoids disruption of the Underlying Action and promotes judicial economy by, *inter alia*, avoiding inconsistent results related to discovery in the Underlying Action; and (3) transfer will impose little, if any, burden on Respondent who can produce documents electronically and/or to retained local counsel within one hundred (100) miles. (Document No. 2).

The undersigned finds Petitioner's arguments to be persuasive. See (Document No. 2). Moreover, as noted above, Respondent has declined to file any response to Petitioner's proposal to transfer, and the time to do so has lapsed. See LCvR 7.1(e).

**IT IS, THEREFORE, ORDERED** that Petitioner's "...Rule 45(F) Motion To Transfer Its Motion To Compel Enforcement Of Its Document Subpoena To KMAC of the Carolinas, Inc." (Document No. 2) is **GRANTED**. The Clerk's Office is directed to transfer this action to the United States District Court for the Northern District of Illinois.

**SO ORDERED**.   Signed: January 6, 2025

David C. Keesler
United States Magistrate Judge

2

Case 3:24-mc-00157-FDW-DCK   Document 3   Filed 01/07/25   Page 2 of 2